E. G. KEMPER, Appellant, v. THE CITY OF BURLINGTON,
Appellant.

1.  **Municipal Corporations:** INCUMBRANCE OF STREETS : REPAIRS :
    EVIDENCE. In an action by one, who had deposited rock in a city
    street, to recover of the city the value of such rock, which it was
    alleged had been used by the city in the repair of the street at the
    point of such deposit, the plaintiff introduced in evidence a reso-
    lution of the city council, passed the year before the appropriation
    of material complained of, and directing the street commissioner
    to repair the street in question. *Held.* that the evidence was com-
    petent upon the question whether the city authorized the repair in
    which the material was used, and the question whether it related
    to the repair in controversy was for the jury to determine.

2.  —— : —— : —— : ——.  The city having used the material
thus incumbering the street in part for the purpose of repairing
the same, and in part to clear the street of the incumbrance, *held*,
that the city was not entitled to recover for the cost of removing
the incumbrance, and was liable for the value of the material
used, where and as it was, above the cost of its removal.

3.  —— : —— : NOTICE TO REMOVE : ABANDONMENT.  Whether a
failure to remove an obstruction from the streets of a city within
a reasonable time after notice from the city will constitute an
abandonment of such obstruction, depends upon the attending
circumstances of each particular case, and is a question for the
jury.

4.  —— : —— : —— : ——.  The defendant asked an instruc-
tion to the jury, that if plaintiff failed to remove the obstruction
in the street when notified to do so, the city might abate the nui-
sance, and it would not be liable to plaintiff for having abated it
in the most advantageous manner, namely, using the obstructing
material in the repair of its streets.  *Held*, that in the absence of
any showing that the plaintiff had abandoned the material, or
that defendant's disposition of it was simply for the purpose of
removing the obstruction, the instruction was properly refused.

5.  —— : REMOVAL OF OBSTRUCTIONS BY CITY.  A city is entitled to
the full width of its streets, and is charged with the duty of keep-
ing the same in good repair and reasonable condition, and has the
right to remove any obstruction found upon any part of its streets,
put there without its authority.

6.  —— : —— : SPECIAL FINDINGS : GENERAL VERDICT.  Where the
general verdict returned by the jury is for a smaller sum than
what would seem to be warranted by its special findings, it will
not be set aside as inconsistent with the latter where, under the
evidence, the jury may have based its verdict upon its findings of
facts not covered by its special findings.

*Appeal from Des Moines District Court.*—HON. J. M.
CASEY, Judge.

FRIDAY, OCTOBER 24, 1890.

ACTION to recover for a quantity of rock used by
the defendant in repairing one of its streets.  The case
was tried to a jury, and a general verdict in favor of the
plaintiff, with certain special findings, returned.  Plain-
tiff moved for judgment on the special findings for one
hundred and thirty-four dollars, and the defendant for
judgment against the plaintiff for costs, which motions,

together with defendant's motion for new trial, were overruled, and both parties appeal.

*T. B. Snyder* and *A. H. Stutsman*, for appellant, E. G. Kemper.

*Seerley & Clark*, for appellant, the City of Burlington.

GIVEN, J.—I.   The following statement of facts as they appear in the testimony, with but little, if any, controversy, will be sufficient to an understanding of the questions discussed.   The plaintiff, in working a stone quarry on the face of a bluff above one of defendant's streets, known as "Bluff road," caused rock and refuse from his quarry to roll down the face of the bluff, some of which lodged on the bluff before reaching the road, some lodging in the road, and some, breaking through a fence maintained by the defendant on the lower side of its road for the protection of travel, lodged below. In blasting in the quarry, it occasionally happened that rock, suitable for building purposes, was thrown down the bluff, and lodged at different places.   There is some controversy as to the extent to which the road was obstructed by this material, but no question but that it was a hindrance to travel.   It appears that the defendant caused notice to be given to the plaintiff on several occasions to remove the obstruction.   It also appears that the plaintiff sent his workmen on different occasions to clear the road, and that they did so by rolling the stone out of the traveled track to the edge of the grade cut along the face of the bluff, which was twenty-five feet wide.   The road at this point was for several hundred feet upon wet ground, and difficult to keep in repair.   The officers of the city charged with such matters, in repairing the road, took the rock and refuse that had been rolled from plaintiff's quarry, and spread it upon the road, filling up the mudholes, and otherwise improving the road.   Many of the rock, suitable for

*Marginal note: 1. MUNICIPAL corporations: incumbrance of streets: repairs: evidence.*

building purposes, had lodged in the mudholes, so that it was impracticable to remove them.   In making the repair, rock was gathered from the face of the bluff above the road, within the limits of the highway, and some from points above the limit of the highway. Plaintiff's contention is that the material thus used by the defendant was his property, was valuable, and was appropriated by the defendant.   The defendant's contention is, that the material was valueless; that, by placing it on the highway and allowing it to remain, the plaintiff had abandoned it; that the disposition made of it by the defendant was solely for the purpose of removing the obstruction to the highway; that, in allowing the rock to roll down the bluff, plaintiff broke defendant's fence, and that it was reasonably worth three hundred dollars to repair the fence, and remove the obstruction from the road.

On the trial, the court permitted the plaintiff to introduce a resolution passed by the city council May 18, 1882, directing the street commissioner to repair Bluff road.   The contention is that this resolution did not relate to the repair in the making of which the material in question was used.   The commissioner testified that he had repaired the road under that resolution in 1882.   There was an issue as to whether the city had authorized the repair in which the material was used, and it was for the jury to say whether this resolution related to that repair made in 1883, or whether the authority of the resolution had been exhausted by the repair in 1882.

II.   Defendant offered evidence as to the reasonable value and expense of removing the obstruction, to which plaintiff's objection was sustained.

2. THE same.   It is the duty of the city to keep its streets free from obstructions that hinder or are dangerous to travel.   It is not questioned but that, if the plaintiff obstructed the road and failed or refused to remove the obstruction, and the city did so, he would be liable to the city for the reasonable expense of the removal.

Had the city taken and carried so much of this material as was an obstruction to travel to another place, the plaintiff would have been liable for the expense thereof, as it is apparent that he had been notified to remove the obstruction, and had failed to do so. Such, however, is not this case. The defendant did not remove the material forming the obstruction to another place, but broke it up and spread it upon the road as an improvement thereof. Certainly, the city was not entitled to the reasonable cost of removing the rock as if it had been taken to another place. It is true that in using the material as it did the city removed the obstruction to travel, but did not remove the material in the sense of taking it to another place. If the removal of the obstruction had been the only purpose in the disposition made of the material by the defendant, and that was a reasonable way of removing the obstruction, then the city would have been entitled to the expense thereof. For instance, if it was more economical to dig holes in the ground and bury the material forming the obstruction than to remove it to another place, and the city had proceeded thus to abate the obstruction, it would be entitled to the reasonable expense of doing so. It appears, however, that an abatement of the obstruction was not the only purpose in the disposition made of the material; the betterment of the road was no doubt one of the purposes. If the material had fallen upon a part of the road not requiring repair, so as to obstruct travel, and the defendant had removed and used it in the repair of a different part of its road, the plaintiff would be entitled to recover the value of his rock, if it had not been abandoned, less the cost of removal. But in this case there was no cost of removal.

There was a direct issue as to the value of the material where and as it was; not its value to the defendant, but its market value. A person purchasing it must do so subject to the liability to remove it or pay for its removal. Its value, therefore, was just what it was worth where and as it was, over and above the cost

of removal. If it would not bear the expense of removal, then it had no value. By thus estimating the value, the defendant is made to pay for just what it received. There was no error in excluding this testimony, nor in withdrawing defendant's counterclaim for expense in removing the rock alleged to have been an obstruction to the road.

III. The defendant asked the court to instruct the jury that, if the plaintiff failed to remove the obstruction after being notified to do so within a reasonable time, he thereby abandoned the stone, and could not recover therefor. The question of abandonment was one of fact and for the jury. A failure to remove the obstruction after notice would not, of itself, be an abandonment. Whether a failure to remove the obstruction after notice would be an abandonment must depend upon the attending circumstances, and must be determined by the jury.

*3. —: —: notice to remove: abandonment.*

IV. The defendant complains of the refusal of the court to instruct that if the plaintiff obstructed the road, and did not remove the obstruction when notified to do so, the city was empowered by law to abate the nuisance, and, if it abated it in the most advantageous manner, that the defendant is not liable to the plaintiff. There was no error in refusing this instruction. As already stated, the removal of the obstruction was not the only purpose of the defendant in disposing of the rock as it was disposed of. The repair of the street was evidently one of the purposes, and, though that was the most advantageous manner of removing the obstruction, yet if the rock had a value where and as it was, and the plaintiff had not abandoned it, he was entitled to that value.

*4. The same.*

V. The defendant complains of the fifth paragraph of the instructions wherein the court says the city had the right to the whole width of its streets, and was charged with the duty of keeping the same in good repair and reasonable condition, and had the right to remove any rock or material found upon any part of its streets, and put there

*5. —: —: removal of obstructions by city.*

without its authority. This is a correct statement of the law. Counsel seemed to think that it in some way excuses the person who places the obstruction in the streets without authority from removing the same. They asked, "Why should the city be called upon to remove the same?" The answer is, because of its duty to the public. We see no error in this instruction. This disposes of all the errors assigned and discussed on the defendant's appeal, and leads us to the conclusion that the judgment of the district court should be affirmed on the defendant's appeal.

VI. The plaintiff complains of the overruling of his motion for judgment on the special findings for one hundred and thirty-four dollars instead of for sixty dollars, as returned in the general verdict. The special findings of the jury as to the number of cubic yards of stone used by the city, and the value of the stone per cubic yard, would indicate that a larger general verdict should have been returned, but the plaintiff was not entitled to recover for any rock that he had abandoned, and the jury found that so much of the rock as plaintiff was notified by the city commissioner to remove from the street was abandoned. The jury was not asked to find especially what amount was so abandoned, and, in the absence of such finding, we cannot say that the special findings are inconsistent with the general verdict.

6. ——: ——: special findings: general verdict.

Our conclusion is that the judgment of the district court should be affirmed upon both appeals. AFFIRMED.